Dear Mr. Lorio:
Factually, you relate that St. John the Baptist Parish is governed by the provisions of a home rule charter. The charter provides that the parish council may employ a Secretary to the Council whose duties are to give written notice of the meetings, prepare the Council agenda, keep records of its proceedings, and perform such other duties as the Charter and the Council shall provide. See Article V, Section A-5(c) of the Charter.
The Charter further provides that the salary of the Secretary is not to exceed the authorized salary of the lowest-paid council member. In Section C-1(a), Article V of the Charter allows the Council to establish departments, offices and agencies, with the caveat that no agencies created by the Charter may be discontinued or have any of their enumerated functions reassigned to another department. The Charter also provides that all parish employees are to be under the Parish's civil service system, with the exception of a number of positions, including the Secretary to the Council and Directors of the departments created pursuant to the Charter.
The St. John Parish Council has previously employed a Secretary to the Council pursuant to Article V, Section A-5(c). It has now decided to create a department of Legislative Assistance, and to offer the sole position in the new department to the present Secretary to the Council, who would perform the same basic functions he currently performs.
The following questions are raised by this scenario:
 1. Would such action be in violation of the Home Rule Charter?
 2. Could the legislative assistant assume those duties formerly ascribed to the Council Secretary, including certification of council actions at a salary in excess of the lowest paid council member?
 3. Would the legislative assistant, by virtue of holding the only position in the department, become, by operation of law, a director and thus not entitled to civil service benefits?
To your first question we respond that Article V, Section A-5(c) does not impose a mandatory requirement that there be a Secretary to the Council. Therefore, the Council's decision to eliminate the position in favor of that of a legislative assistant does not violate the Charter's Article V, Section C-1(a) prohibition against the elimination or alteration of Charter-created departments.
To your second question, we respond that the legislative assistant's salary is not limited by the Article V, Section A-5(c) provision, because the position is different from that of the Council Secretary, the similarity in function notwithstanding.
To your third question, note that the fact that the legislative assistant is the sole employee in that department does not in and of itself confer a directorship. Since the legislative assistant's duties are not those traditionally associated with a managerial or directorial position, it seems unfair to deny that employee civil service benefits.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Mr. G. Charles Lorio, Jr. Assistant District Attorney P.O. Box 399 LaPlace, La 70069
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL